UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     Civ. Action No. _____
JOHN DOE,

                      Plaintiff,

     -against-

COLUMBIA UNIVERSITY and
TRUSTEES OF COLUMBIA UNIVERSITY,

                      Defendants.
-------------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR
LEAVE TO FILE COMPLAINT AS PSEUDONYMOUS PLAINTIFF

Plaintiff John Doe, ("Plaintiff") by his attorneys, Nessenoff & Miltenberg, LLP, hereby seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the serious nature of the allegations contained in the Complaint, Plaintiff John Doe is justifiably concerned about the possibility of acts of reprisal that could further prevent Plaintiff from proceeding with his college and future endeavors, and inflict further severe physical and/or mental harm. Plaintiff's identity as described in the Complaint, should not be disclosed to Defendant Columbia University (hereinafter "Columbia" or the "University") and/or Defendant Trustees of Columbia University ("Defendant Trustees") ("Columbia" or the "University" and "Defendant Trustees" are hereinafter sometimes collectively referred to as "Defendants") due to the nature of the allegations in said Complaint. *See* Declaration of Kimberly C. Lau ("Lau Decl.") attached to Plaintiff's *Ex Parte* Motion for Leave to File Complaint as Pseudonymous Plaintiff.

Plaintiff is prepared to provide a statement of his true identity under seal, upon the Court's request.

## STATEMENT OF FACTS

During the events described in the Complaint, Plaintiff was a student at Columbia and resided on the Columbia University campus (hereinafter referred to as "Campus") in New York, New York.

Plaintiff engaged in consensual sexual intercourse with "Jane Doe" while on Campus on May 12, 2013.

A few days following the evening of May 12, 2013 (the "Event" or the "Incident"), Jane Doe contacted Plaintiff via text message to convey her concern that their one evening of sexual activity would have a (social) impact within their shared social circles, should anyone find out.

Plaintiff advised Jane that he did not believe that their evening together would matter all that much since neither Plaintiff nor Jane were concerned about her ex-boyfriend's opinion and that their friends were mature enough to handle the news. Jane Doe agreed and the conversation ended.

Nearly five (5) months after the Incident, Jane Doe contacted Plaintiff and expressed her misgivings about engaging in sexual activity with him on the evening of the Incident, once again noting that she was uncomfortable with how it would appear to everyone else.

Around that same time, the University's Assistant Director for Gender-Based and Sexual Misconduct, contacted the Plaintiff to advise him that a student had made allegations of sexual assault against him. Plainitff was advised by to come in for a meeting.

The following day, Plainitff met with Assistant Director for Gender-Based and Sexual Misconduct at which time he was handed a formal written notice which stated that Plaintiff was being charged with "Non-Consensual Sexual Intercourse" in violation of the Gender-Based Misconduct Policies for Students.

In February, 2014, Plaintiff was advised that the University was issuing an order of suspension against him until Fall 2015 and additionally was refusing to credit Plaintiff for his Spring 2014 class attendance, which effectively made Plaintiff's suspension equivalent to 1.5 years.

In March, 2014, Plaintiff submitted an appeal explicitly outlining Columbia's procedural errors. In his appeal, Plaintiff identified Columbia's violation of breach of confidentiality when the outcome of Columbia's decision to suspend Plaintiff was leaked.

Notably, Jane Doe submitted her own Appeal to reduce the severity of the sanction Plaintiff was charged with.

2

As a result of Columbia's actions, Plaintiff's entire academic career has been ruined and, without a college education, his overall economic future is completely compromised.

Although Plaintiff may be allowed to return to Columbia in the future, his academic and disciplinary records are irrevocably and irreversibly tarnished and will not withstand scrutiny by transfer to any other educational institution, including graduate studies.

Without appropriate redress, the unjustified sanction will continue to cause irreversible damage to Plaintiff.

Plaintiff seeks redress from this Court to undo the wrongs occasioned by Columbia on his education and future.

In light of these facts, Plaintiff should be permitted to protect his identity by filing the Complaint under a pseudonym. Plaintiff is prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to Defendants or their attorneys at a later stage in the proceedings.

## ARGUMENT

Many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, courts allow the use of pseudonyms "[w]here it is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment…." *U.S. v. Doe*, 665 F.2d 920, 922 (9th Cir. 1977) (*citing U.S. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977)).

Courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F. 3d 1058, 1068 (9th Cir. 2000). This balancing test generally allows plaintiffs to use pseudonyms in three situations: (1) when "identification creates a risk of retaliatory physical or mental harm;" (2) "when anonymity is necessary to preserve

privacy in a matter of sensitive and highly personal nature:" and (3) when "the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* Where plaintiffs seek the use of the pseudonyms to shield them from retaliation, the following factors must be considered: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fear; (3) the anonymous party's vulnerability to the retaliation; (4) prejudice to the opposing party; and (5) whether the public's interest would be better served if the parties were identified. *Id.*

Courts have recognized that Doe status is appropriate in cases concerning alleged human rights violations. Although reported decisions have not addressed the pseudonym issue directly, it is clear that the plaintiffs in those cases were permitted to proceed using pseudonyms. *See, e.g., Kadic v. Karadzic,* 70 F.3d 232 (2d Cir. 1995) (two Jane Doe plaintiffs); *Xuncax v. Gramajo,* 886 F. Supp. 162, 170 (D. Mass. 1995) (one Juan Doe plaintiff); *Doe v. Islamic Salvation Front,* 993 F. Supp. 3 (D.D.C. 1998) (all plaintiffs proceeding as Does).

As in those cases, the Court should allow Plaintiff John Doe to employ a pseudonym because he is alleging that they are responsible for his current and future reputation, and physical and mental well-being. As demonstrated above, exposure of his identity will create a risk of additional retaliatory harm to him.

The interests of Defendants and/or the public will not be harmed at this early stage of the case if Plaintiff's name is not revealed. Plaintiff and his attorneys are prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to Defendants or its attorneys at a later stage in the proceedings.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff John Doe requests that his *Ex Parte* Motion for Leave to File Complaint as Pseudonymous Plaintiff be granted.

Dated: May 16, 2014

                                            Respectfully submitted,

                                            **NESENOFF & MILTENBERG, LLP**
                                            *Attorneys for Plaintiff*

By: _____
                                            **Kimberly C. Lau, Esq. (KL     )**
                                            **Andrew T. Miltenberg, Esq. (AM     )**
                                            363 Seventh Avenue, Fifth Floor
                                            New York, New York 10001
                                            (212) 736-4500
                                            klau@nmllplaw.com
                                            amiltenberg@nmllplaw.com