# NESENOFF & MILTENBERG, LLP
## ATTORNEYS AT LAW

IRA S. NESENOFF
ANDREW T. MILTENBERG

MEGAN S. GODDARD
SHARI S. LASKOWITZ

KIMBERLY C. LAU
MARCO A. SANTORI
BARBARA H. TRAPASSO
ARIYA M. WAXMAN
ROBERT D. WERTH
DIANA R. ZBOROVSKY

SENIOR LITIGATION
COUNSEL

PHILIP A. BYLER

COUNSEL

REBECCA C. NUNBERG
MARLA B. TUSK

PARALEGALS

ALLISON A. DUGGAN
ROSA L. ZAPATA
CHRISTINA SPINELLI

July 21, 2014

**VIA ECF**
The Honorable Jesse M. Furman
Unite States District Judge
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Centre Street, Room 2202
New York, NY 10007

Re:   **John Doe v. Columbia University and Trustees of Columbia University**
      **Civil Action No.: 14-cv-3573 (JMF)**

Dear Judge Furman:

The undersigned is counsel to Plaintiff John Doe in the above-referenced matter, and this letter respectfully requests that this Court vacate Your Honor's order dated July 15, 2014, thereby reinstating the June 19 so ordered briefing schedule, as explained herein.

**The Court on June 19, 2014 So Ordered A Briefing Schedule Agreed Upon By the Parties.**

On June 19, 2014, Your Honor so ordered a negotiated and agreed upon briefing schedule for a motion to dismiss, which briefing schedule was set forth in a letter dated June 18, 2014, by counsel to Defendants Columbia University and Trustees of Columbia University ("Columbia Defendants") addressed to this Your Honor. The parties had conferred on and had agreed to a briefing schedule for the Columbia Defendants' motion; and Columbia Defendants' counsel sent his letter dated June 18, 2014 to the Court with the agreed upon schedule: that Columbia Defendants are to file their Motion by July 11, 2014, that Plaintiff is to file his Opposition by August 18, 2014 and that Defendants is to file their Reply by September 8, 2014. See ECF No. 11. It was that letter with the briefing schedule that Your Honor so ordered on June 19, 2014. See ECF No. 14. A copy of the June 19 so ordered briefing schedule letter is enclosed. The Columbia Defendants, pursuant to the June 19 so ordered schedule, filed their motion on July 11, 2014.

**The Court *Sua Sponte* Issues July 15, 2014 Order With Revised Briefing Schedule.**

It was thus very surprising to see that on July 15, 2014, Your Honor *sua sponte* issued an Order: (i) directing that Plaintiff file his opposition to the Columbia Defendants' motion to

**NESENOFF & MILTENBERG,**LLP
ATTORNEYS AT LAW

Hon. Jesse M. Furman
July 21, 2014
Page 2 of 3

dismiss by August 1, 2014 and that the Columbia Defendants file their Reply by August 8, 2014; and (ii) directing Plaintiff to amend his Complaint by August 1, 2014 or waive his right to do so in the future. The immediate effects of this Order are: (i) to deny Plaintiff John Doe 18 days of the June 19 so ordered briefing schedule; and (ii) to require Plaintiff John Doe to guess what amendments to the 53-page Complaint may or may not be in order.

**Respectful Request To Vacate July 15, 2014 *Sua Sponte* Order.**

Plaintiff John Doe respectfully requests that Your Honor vacate the Court's *sua sponte* July 15, 2014 Order and thereby reinstate the negotiated and agreed upon briefing schedule so ordered by Your Honor on June 19, 2014, and rescind the order to amend the Complaint by August 1, 2014. Absent the vacating of the July 15 Order, Columbia Defendants will have had the full benefit of the time provided for in the June 19 so ordered briefing schedule that had been discussed and agreed upon by counsel for the parties, whereas Plaintiff John Doe will not. The briefing schedule worked out by counsel and so ordered by the Court on June 19 took account of the request by the Columbia Defendants for an extension of time. Yet, the July 15 Order deprives Plaintiff John Doe of the time that had been fairly negotiated by counsel. Further, the Columbia Defendants' motion is without merit and does not provide the occasion for a *sua sponte* order that deprives Plaintiff John Doe of the normal opportunity to amend a Complaint.

**Columbia Defendants' Motion Is Without Merit.**

As will be shown in Plaintiff John Doe's papers in opposition to the Columbia Defendants' motion to dismiss, the Columbia Defendants' motion is without merit. The Columbia Defendants' motion fails the governing legal standard, the motion being based largely on ignoring whole sections of the Complaint, characterizing the Complaint as not plausible without explaining what precisely is implausible about what is actually alleged and groundlessly asserting that discrimination under Title IX is not alleged (which it is).

On a motion to dismiss, the factual allegations in the Complaint are accepted as true, reasonable inferences are drawn in favor of the plaintiff and the Court is to determine whether the factual allegations plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003); Wright & Miller, Federal Practice & Procedure, Civil 3d, § 1357. Importantly, a Court is to consider a motion to dismiss in terms of a plaintiff's actual pleadings in the Complaint, not to a defendant's selective rehash or characterizations of the facts. Streit v. Bushnell, 424 F.Supp.2d 633 (S.D.N.Y. 2006).

Here, the Complaint is 53 pages long and full of factual detail about Columbia University's biased treatment of Plaintiff in his disciplinary action, including, without limitation, its failure to acknowledge Plaintiff's version of the facts, failure to conduct a thorough investigation of witnesses and facts supporting Plaintiff's defense, and reliance upon gender stereotypes in finding that Plaintiff John Doe's behavior was "coercive" without any evidence of

same. See Complaint, ¶¶ 24-56, 91, 92.

### The Court's Directive To Amend The Complaint Is At Best Premature.

Generally, leave to amend under FRCP 15(a) should be granted freely "when justice so requires," and amendment is typically permitted, especially near the start of the case, as there can be no unfair prejudice from the amendment. Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Nerney v. Valente Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995). Columbia Defendants only filed their pre-answer Motion to Dismiss one week ago, and the time for Plaintiff John Doe to file his opposition has not yet elapsed. To require Plaintiff John Doe to file an Amended Complaint by August 1, 2014 or waive the opportunity to amend the Complaint in the future at this juncture is unreasonable and at odds with the letter and spirit of Fed. R. Civ. P. 15(a). As noted above, the Complaint is 53 pages long, full of factual detail and specific allegations about Columbia University's missteps and gender bias. Plaintiff John Doe should not be required to engage in guesswork as to what may or may not need amendment at this juncture.

Accordingly, Plaintiff John Doe respectfully requests that the Court defer any directive to Plaintiff to amend his Complaint, if necessary, until such time when: (a) the Motion has been fully submitted and decided; or (b) the Court advises Plaintiff of the specific areas of the Complaint, which it believes requires amendment, if any.

\* \* \* \* \*

In conclusion, for the reasons stated above, Plaintiff John Doe respectfully requests that Your Honor vacate the Court's *sua sponte* July 15, 2014 Order and thereby reinstate the negotiated and agreed upon briefing schedule so ordered by Your Honor on June 19, 2014, and rescind the order to amend the Complaint by August 1, 2014. We will be grateful for Your Honor's attention to these matters.

Respectfully submitted,
NESENOFF & MILTENBERG LLP

By: _____
Kimberly C. Lau, Esq.
Andrew T. Miltenberg, Esq.

Encl.

cc: WILMER HALE
Attn: Alan Schoenfeld, Esq.